STATE *ex rel.* BRYANT DAVIS, J. S. CROFT, GEORGE RAULERSON and E. D. HARVEY, as Members of the Board of County Commissioners of Baker County, v. C. M. BARBER, as Chairman, Board of County Commissioners, Baker County.

190 So. 809

Opinion Filed August 8, 1939

*B. R. Burnsed,* for Relators;

*John W. Donahoo,* for Respondent.

TERRELL, C. J.—Section 2309, C. G. L. of 1927, authorizes boards of county commissioners to issue bonds to "erect" court houses, roads and other public structures. Pursuant to said Act, the Board of County Commissioners of Baker County adopted a resolution providing for the issuance of county bonds in the sum of $50,000 to 'erect, construct, furnish and equip" a court house. On submission to the people as the law directs the issuance of said bonds was approved by a majority vote of the freeholders and. they were subsequently validated by decree of the circuit court.

The chairman of the board of county commissioners having refused to execute said bonds by attaching his signature thereto the relators as members of the board of county commissioners, secured an alternative writ of mandamus from this Court directed to him as respondent commanding him to execute said bonds or show cause why he refused to do so.

Respondent as chairman filed his return to the alternative writ in which he alleges that the resolution calling for the issuance of the bonds and the decree of validation by the circuit court are invalid because of their failure to comply with the authorizing statute, Section 2309, C. G. L. of 1927.

He contends that the resolution is fatally defective, (1) in that it did not affirmatively find that it was for the interest of Baker County that the bonds be issued, and (2) in that

it authorized the board of county commissioners to 'erect, construct, furnish and equip" a court house while the Act only authorized them to 'erect" a court house.

We do not think there is any merit to either contention. As applied to a public structure like a court house there is nothing comprehended in the phrase "erect, construct, furnish and equip," that is not comprehended in the term "erect." Erect and construct are synonymous; so are furnish and equip. As to a court house, "furnish" and "equip" have reference to vaults, safes, heating system and other essential adjuncts that are a component part of the completed structure and without which it would be useless. A court house would not be adjudged erected till these were supplied.

Read in its entirety, the resolution is invulnerable to the first objection. It is true that it does not in terms find that it was for the interest of Baker County that the bonds be issued to erect a court house, but it did find that it was for the interest of the taxpayers that aid from the 'Works Progress Administration be secured for this purpose. After the bonds were approved by a vote of the people, the resolution was amended to meet this objection, but it is shown that at the time they were approved, the taxpayers were aware that they were being issued to supplement a subvention from the Works Progress Administration to aid in the erection of a court house, and that such a structure was very much needed by the county.

It follows that the return presents no defense to the alternative writ; so the motion to dismiss is denied and the peremptory writ is hereby ordered to be issued.

It is so ordered.

WHITFIELD, BROWN, and BUFORD, J. J., concur.

Justices CHAPMAN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.