AMERICAN SEATING COMPANY v. BOARD OF PUBLIC IN-
STRUCTION FOR LAFAYETTE COUNTY.

192 So. 598

Division A

Opinion Filed December 12, 1939

*James R. Knott* and *Waller & Meginniss,* for Plaintiff in Error;

*Ben Lindsey* and *Lester Summersill,* for Defendant in Error.

THOMAS, J.—The circuit court entered final judgment on demurrer to a declaration filed by the endorsee of a promissory note made January 3, 1921, by the Board of Public Instruction of Lafayette County, and payable to A. Hercules, evidencing a debt of $2,750 alleged to have been used by the maker "in the conduct and management" of the county schools "and in the purchase for said schools of supplies and equipment for the running and operation and management of said schools * * * prior to the * * * execution of said note."

It will be noted that the due date of the obligation fell in the fiscal year succeeding the one in which it was executed. A judgment formerly entered in the cause in favor of the plaintiff was reversed because of failure to show "that the indebtedness was duly incurred solely for the support and maintenance of public free schools as required by the Constitution." Board of Public Instruction for Lafayette County v. American Seating Co., 100 Fla. 616, 130 South. Rep. 42.

It is conceded that the note would be unenforceable if it involved current expenses but it is urged that the word

"equipment" removes the claim from the catergory of prohibited pledges of future income described in the case of Board of Public Instruction v. Union School Furn. Co., 100 Fla. 326, 129 South. Rep. 824. In that decision the Court disapproved the pledge of future revenue for present operating expenses and warned that those who dealt with boards of public instruction were charged with knowledge of this restriction.

We are unable to ascribe to the word "equipment" the definition that makes it the antonym of "current." It may be that in certain circumstances it would mean supplies of permanent or enduring character, but its meaning in the declaration is construed against the pleader and, bearing this familiar rule in mind, we cannot say that "supplies and equipment for the running and operation and management" of schools are articles of such nature as to categorize them "permanent" in contradistinction to "current."

The Court was not apprised by the language in the pleading what supplies and equipment were bought and the assumption is that they were those needed currently to carry on the work of the schools and not furniture, fixtures or materials of lasting nature.

The judgment is affirmed without prejudice to the plaintiff to amend the declaration in said cause as it may be advised.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.