Lawrence Newmark, J.
This case was submitted to the court on an agreed statement of facts after the defendant waived trial by jury. The defendant was charged with a violation of section 397 of the Vehicle and Traffic Law which makes it a misdemeanor where one “ equips a motor vehicle with a radio receiving set capable of receiving signals on the frequencies allocated for police use or knowingly uses a motor vehicle so equipped ”. It was stipulated that the defendant had in his truck a radio receiver capable of receiving signals on the frequency allocated for police use when the receiver was plugged into the cigarette lighter socket. The sole question to be resolved is whether this vehicle was equipped with a radio receiving set capable of receiving signals so as to fall within the proscription of section 397 of the Vehicle and Traffic Law.
There does not appear to be any precedent in this or other jurisdictions which the court may refer to in making its ruling on the question under consideration. However, a careful reading of section 397 leads the court to conclude that the defendant may properly be charged under this section.
Section 397 of the Vehicle and Traffic Law makes it illegal to equip a motor vehicle with a radio receiver capable of receiving signals on the frequencies allocated for police use. The defendant argues that he may not be prosecuted under this section because the receiver was not plugged in and therefore, was not capable of receiving signals. The defense also encompasses the assertion that because the radio was not physically attached to the truck, that the truck was not ‘ ‘ equipped ’ ’ with a receiver as proscribed by the statute.
The fallaciousness of these arguments is apparent if one draws them to their logical extremes. The only act required of the defendant in order to receive police signals was for him to reach down and plug the receiver into the dashboard socket. *721 This act is essentially the same as .turning the machine on and off through the use of an on/off switch. If this defendant may escape prosecution because the machine was not plugged in, no person could be prosecuted under this section unless he was caught in the act of actually intercepting police broadcasts. This the statute does not require.
The fact that the receiver was not fastened to the truck does not mean that the truck was not equipped with a receiver so as to fall within the proscriptions of the statute. Black’s Law Dictionary (4th ed.) defines “ equip ” in the following fashion at page 631: “To furnish for service or against a need or exigency; to fit out; to supply with whatever is necessary to efficient action in any way. Synonymous with furnish. State ex rel. Davis v. Barber, 139 Fla. 706, 190 So. 809.” Similarly, Webster’s Third New International Dictionary defines “ equip ” at page 768 as: “to provide with what is necessary, useful, or appropriate: as a (1): to supply with material resources (as implements or facilities): fit out [a ship equipped with every mechanical aid to navigation] [a park equipped with a playground, ball fields, riding trails, and a historical museum] [he was equipped with letters that opened every European door —Van Wyck Brooks] * * * to make ready or competent for service or action or against a need: prepare [most junior colleges are well equipped to engage * * * in such programs] * * * syn see furnish.” The above definitions clearly illustrate that a physical fastening is neither implicit in the term “ equip ” nor necessary in order for a vehicle to be equipped as proscribed in the statute, and that the use of the term “ equipped ” in the statute should be interpreted as synonymous with “ fitted out ”, or “ furnished ”.
Both of the necessary elements were present in thé defendant’s truck in order to subject him to criminal liability under section 397 of the Vehicle and Traffic Law. The receiver was ‘ ‘ capable ’ ’ of receiving police broadcasts at any time that the defendant chose to use it. In addition, the vehicle was equipped with a receiver as proscribed in the statute since the receiving device was located within the defendant’s truck and was specifically prepared to ibe used within a vehicle as manifested by the fact that the receiving device had an electrical power cord which .was adapted to receive current through the standard vehicular cigarette lighter socket. The court might reach a different conclusion if the receiver was nonfunctional or if additional effort had to be expended in order to make the receiver operational. However, such was not the case here. *722 The defendant’s truck was equipped with a receiver which was capable of receiving police broadcasts at any instant that the defendant activated it. This is the very situation which section 397 of the Vehicle and Traffic Law seeks to prevent and the defendant is properly charged under this section.
The court finds the defendant guilty beyond a reasonable doubt and sets the matter down for sentencing on August 9, 1974.