McCRARY, Circuit Judge:
This is a direct appeal from the Circuit Court of Manatee County which held that the appeal power vested in the Department of Administration by Section 30.49(4), (5) [1] is an unconstitutional attempt to vest in an appointive official unrestricted discretion. We have jurisdiction, Florida Const., Art. V, Section 3(b) (1), F.S.A.
This action was initiated by the appellant, R. W. Weitzenfeld, Sheriff of Manatee County, Florida, against Respondents, Board of County Commissioners of Manatee County, Florida, by filing a petition for an alternative writ of mandamus. The basic facts are relatively simple and not in substantial dispute. Appellant, pursuant to F.S. Section 30.49, presented his proposed budget to the County Commissioners. Included in that proposed budget was $42,000 under the items: “Salaries of Deputies and Assistants” and “Expenses Other than Salaries” for a helicopter program. Appellant’s proposed budget was approved with two exceptions, one of which eliminated the helicopter program. Thereafter, appellant filed an appeal to the Department of Administration pursuant to F.S. Section 30.49 to have the budget deletions restored. After hearing, the secretary of the Department found that an additional $34,360.00 was to be added to appellant’s budget, but specifically approved the deletion of the helicopter program. The county placed the increase in a contingency fund and refused to release the monies until a determination was made as to the validity of the order.
Thereafter, appellant filed a petition for alternative writ of mandamus seeking to have the county comply with the order of the Department of Administration. Upon issuance of the writ of mandamus response was filed by appellees challenging the constitutionality of F.S. Section 30.49(4) and (5).
The circuit court found that the only solution in the review statute, which is that the Department of Administration cannot give more than the sheriff asks for, is no restriction at all and is not a basis for a valid delegation of a legislative power to an administrative body; and, even if the review statute was not unconstitutional and the sheriff received the additional funds ordered by the Department, he could not use those funds for his proposed helicopter program.
We have before us the following issues on appeal:
1) Whether F.S. Section 30.49(4), (5) was unconstitutional as an unlawful delegation of legislative authority to the Secretary of the Department of Administration.
2) Whether the issue of constitutionality has been rendered moot by the enactment of Ch. 74-103, Laws of Florida 1974, amending F.S. Section 30.49(4), (5) to provide appellate review in the Administrative Commission.
3) Whether the county has authority under F.S. Section 30.49(4) to determine utilization of monies once allocated under F. S. Section 30.49(2).
After careful review of argument presented by counsel we find the third issue dispositive of this cause, and are therefore not compelled to pursue the other issues presented.
Section 30.49(2) [2] requires that the sheriff itemize specifically, and certify that each are reasonable and necessary expenditures, the following items:
“(a) Salary of the sheriff.
*196 “(b) Salaries of deputies and assistants.
“(c) Expenses, other than salaries.
“(d) Equipment.
“(e) Investigations.
“(f) Reserve for contingencies.”
Basically, it is appellees’ contention that after monies have been allocated under F.S. Section 30.49(2), subsection (4) of that statute empowers the county commission to delete funds from within any item if the funds allocated to that particular item are being improvidently spent. Appellees therefore assert that the deletions in question were both proper and in accord with Florida law. In support appellees cite Green v. Rawls, 122 So.2d 10 (Fla.1960), as an analogous situation involving a portion of an appropriation bill, wherein this Court upheld the Governor’s veto of specific portions of total expenditures. We do not, however, find Green, supra, controlling in the cause presently before us and are compelled to follow the more cogent reasoning of the appellant.
Generally, appellant contends that F.S. 30.49(2), required only that the sheriff present the budget requests allocated among the six major items and certify under oath that each item is reasonable and necessary, with no further itemization required except for informational purposes. Appellant further asserts that although Section 30.49(4) authorizes the county commission to “amend, modify, increase or reduce any or all items of expenditure” they are only authorized to increase or reduce by lump sums the six items set out in the statute and may not dictate how the monies allocated to any one item shall be used, or to reduce any item by dictating in what manner it will be reduced.
We find the internal operation of the sheriff’s office and the allocation of appropriated monies within the six items of the budget is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county. To hold otherwise would do irreparable harm to the integrity of a constitutionally created office as well as violate the precept established by F.S. Section 30.53 and, in practical effect, gain nothing for the county.
Accordingly, F.S. Section 30.49(4) empowers the county to make lump sum reductions or additions of monies allocated to any of the six budget items; it does not, however, authorize an intrusion into the functions which are necessarily within the purview of the office of sheriff.
It is so ordered.
ADKINS, C. J., ROBERTS, McCAIN and OVERTON, JJ., and CREWS and LEE, Circuit Court Judges, concur.

. Florida Statutes, as amended by Ch. 73-349, Laws of Florida, 1973.

. Florida Statutes 1974, F.S.A.