PER CURIAM.
Thomas H. Mahler, an employee of Florida Technological University, appealed his dismissal to the Career Service Commission which reversed. The University then petitioned this Court by writ of cer-tiorari asking review of the order of the Career Service Commission. We denied the writ.
Florida Statute 110.061(3) which, as amended, became effective June 25, 1974, provides as follows:
“The Career Service Commission may order the reinstatement of an employee, *100 with or without back pay, which order shall be conclusive on the agency or officer concerned. The order may include an amount, to be determined by the commission and paid by the agency, for reasonable attorney’s fees, witness fees, and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee. The action of the commission shall be in writing and shall be served on the parties to such appeal either in person or by mail.”
Pursuant to the above quoted statute the Career Service Commission, upon sustaining the position of the employee, fixed and awarded attorney’s fees and costs to the employee, Mahler. Upon this Court denying the petition for writ of certiorari sought by the employing agency, the respondent employee, Mahler, filed a petition in this Court for attorney’s fees in accordance with the above quoted statute. While that petition was pending the University filed a petition for rehearing which was denied, whereupon the respondent employee filed a second petition in this Court seeking attorney’s fees incident to his successful resistance of the petition for rehearing.
It is settled law that attorney’s fees under such circumstances may not be awarded unless provided by statute or contract. The issue, therefore, to be by us resolved is whether F.S. 110.061(3) authorizes the award of attorney’s fees incurred during the prosecution of a proceeding in this Court or whether same only authorizes such fees incident to procedures before the Career Service Commission. Our reading of the above quoted statute leads us to the inescapable conclusion that the statute by its very terms relates only to proceedings before the Career Service Commission. Proceedings subsequent to the disposition of a cause by the Career Service Commission are neither mentioned nor alluded to. There is no language in the statute which we find may be construed to be applicable to post-commission proceedings.
Accordingly, respondent’s petitions for attorney’s fees are denied.
BOYER, C. J., MILLS, J., and TENCH, BENJAMIN M., Associate Judge, concur.