QUESTIONS:
1. What status is to be accorded a hearing for state career service employees held before the Governor and Cabinet sitting as the head of a state agency to determine if just cause for dismissal existed?
2. Would legal fees incurred by employees for such a hearing be reimbursable under provisions of Ch. 110, F. S.?
SUMMARY:
Legal fees incurred by career service employees at pretermination hearing before an agency head are not reimbursable under s. 110.061(3), F. S.; only the Career Service Commission may award legal costs to state career service employees and only if incurred during the prosecution of an appeal against a state agency conducted before the commission.
A special subcommittee of the House Appropriations Committee transmitted to Governor Askew a resolution that stated that the committee failed to find confidence in, among others, two permanent career service employees of the Department of General Services. The Governor directed that the matter be presented, at a special hearing, to the Governor and Cabinet who, sitting as the head of the Department of General Services, considered the report of the special subcommittee over a period of several days. The purpose of the hearing was to determine whether the permanent career service employees should be dismissed.
The hearing before the Governor and Cabinet sitting as the head of the Department of General Services to determine if `cause' existed for dismissal of career service employees took place prior to any disciplinary action by the agency and as such constituted a pretermination hearing. Chapter 110, F. S., governing the Career Service System, and companion personnel rules and regulations, Ch. 22A, F.A.C., do not provide for pretermination hearings within the Career Service System. Such hearings are, for purposes of Ch. 110, discretionary with the agency. Thus, the hearing before the Governor and Cabinet sitting as the head of the Department of General Services to determine whether `cause' existed for dismissal of career service agency employees is not a proceeding specifically within the parameters of the State Career Service System. Your first question is answered accordingly.
In answer to your second question concerning recoupment of legal expenses incurred by career service employees at a pretermination hearing before an agency head, I must refer to the direct statutory provision. Section 110.061(3), F. S., grants the Career Service Commission power to award `. . . reasonable attorney's fees, witness fees, and other out-of-pocket expenses incurred during the prosecution of appeal against an agency in which the commission sustains the employee.' Under this provision only the Career Service Commission may award legal costs and only if incurred during an appeal against the affected agency before the commission. Thus, legal costs incurred by career service employees in pretermination hearings before an agency head other than the Career Service Commission are not reimbursable under s. 110.061(3).
The issue of attorney's fees in postcommission proceedings was addressed by the court in Board of Regents v. Mahler, 321 So.2d 99
(1 D.C.A. Fla., 1975). Upon examination of s. 110.061(3), F. S., the court denied attorney's fees and stated, at p. 100:
 It is settled law that attorney's fees under such circumstances may not be awarded unless provided by statute or contract. This issue, therefore, to be by us resolved is whether F. S. 110.061(3) authorizes the award of attorney's fees incurred during the prosecution of a proceedings in this Court or whether same only authorizes such fees incident to procedures before the Career Service Commission. Our reading of the above quoted statute leads us to the inescapable conclusion that the statute by its very own terms relates only to proceedings before the Career Service Commission. Proceedings subsequent to the disposition of a cause by the Career Service Commission are neither mentioned nor alluded to. There is no language in the statutes which we find may be construed to be applicable to post-commission proceedings. (Emphasis supplied.)
I believe the same rationale used by the court in dealing with attorney's fees incurred in postcommission proceedings can be applied to precommission proceedings such as outlined in your letter. Cf. AGO 075-152. Thus, I must conclude that neither the Department of General Services nor the Governor and Cabinet sitting as its agency head is authorized by Ch. 110, F. S., to award legal costs or expenses to state employees in the circumstances implicit in your questions. Authorization for the department to expend funds for reimbursement of legal fees would have to be found under some other statute. Cf. ss. 111.07 and 111.08.
Prepared by: Betty Steffens Assistant Attorney General