OPINION OF THE COURT
Stephen Smyk, J.
The issue on appeal tendered by the defendants and the People in these similar but separate cases is the purview of section 397 of the Vehicle and Traffic Law of the State of New York. This statute provides in pertinent part that "A person, *808 not a peace officer, who equips a motor vehicle with a radio receiving set capable of receiving signals on the frequencies allocated for police use or knowingly uses a motor vehicle so equipped * * * is guilty of a misdemeanor”.
In each case the defendant was charged with violating this statute in that he had a motor vehicle equipped with an electroalert radar detector, commonly known as a "fuzzbuster”. At their respective trials, defendants moved to dismiss the information on the grounds that the radar detecting device was not within the meaning of said section 397. Each lower trial court granted defendant’s motion and dismissed the informations.
The People appeal from these orders of dismissal. It is the position of the People that a radar detecting device is in fact a radio receiving set capable of receiving signals on the radio radar frequency allocated for police use and that therefore the device is prohibited by section 397 of the Vehicle and Traffic Law, notwithstanding the fact that this device was not in existence at the time that the statute was enacted.
It is apparent that the Legislature did not have this device in mind when it enacted the predecessor of section 397 of the Vehicle and Traffic Law, section 1916 of the former Penal Law, in 1933 (L 1933, ch 405). Radar was not utilized in the enforcement of speed limits at that time, thus it is obvious that radar detectors were not contemplated. Section 397 has been amended on several different occasions but none of the versions evince a legislative response to a need for control of radar detectors (L 1948, ch 183; L 1966, ch 620; L 1948, ch 533; L 1965, ch 1031, § 193). Therefore, we conclude that the Legislature has not specifically dealt with the "fuzzbuster” issue. However, this fact alone does not prohibit an interpretation of the statute which would include a radar detector.
There is a dearth of case law regarding this issue. Those courts having dealt with this statute have consistently held that section 397 applies only to those devices which are either capable of receiving voice messages or capable of interfering with the transmission of police messages (People v Verdino, 78 Misc 2d 719; People v Faude, 88 Misc 2d 434).
Section 140.40 of the Penal Law, which also governs the use of certain radio devices, supports this interpretation by defining the term "radio device” as "any device capable of receiving a wireless voice transmission on any frequency allocated for police use, or any device capable of transmitting and *809 receiving a wireless voice transmission.” Although we do not find this to be an unreasonable interpretation, we choose rather to consider the somewhat narrower issue — whether a radar detector is in fact a "radio receiving set capable of receiving signals”.
The electroalert radar detector is described by the manufacturer as being a parametric microwave receiver which is designed to detect the presence of radar beams. It operates on the frequency allocated for police radar use and the manufacturer makes no pretense but that its single purpose is to detect police speed traps before police are able to determine the speed of the equipped vehicle. The device cannot receive nor can it transmit a voice radio transmission. It is also incapable of translating any radio signals into comprehensible form. When the device detects radar energy it will indicate such by either an audio or visual signal. We believe there to be a valid distinction between a device of this type which "detects” the presence of a signal and a device which "receives” a signal. We therefore hold that section 397 of the Vehicle and Traffic Law is only applicable to those radio devices which are capable of receiving signals and that a radar detector, because it only detects the presence of a radio signal, is not prohibited by section 397.
Although we do not condone the use of a device which may well encourage speeding, it is not a function of the court to legislate.
Accordingly, in each case the trial court’s order of dismissal is affirmed.