OPINION OF THE COURT
Sherwood L. Bestry, J.
This is a motion to dismiss a uniform traffic information charging defendant with a violation of section 397 of the Vehicle and Traffic Law, on the grounds that the statute is unconstitutional.
Section 397 of the Vehicle and Traffic Law proscribes certain conduct. The section is not divided into subdivisions, but *361 a reading of the statute clearly indicates that three separate types of conduct are prohibited, which prohibitions will be referred to herein as prohibitions Nos. 1, 2 and 3.
The statute makes it a misdemeanor for the following conduct committed by any person not a peace officer: (1) Who equips a motor vehicle with a radio receiving set capable of receiving signals on the frequencies allocated for police use, or (2) Knowingly uses a motor vehicle so equipped, or (3) Who in any way knowingly interferes with the transmission of radio messages by the police.
The exceptions to the foregoing are persons who have first secured permits to do so from a person authorized by the local governing body or board of the city, town or village in which the applicant for the permit resides. Any applicant who lives outside a city or village in a county having a county police department must obtain the permit from the Board of Supervisors.
Each of the prohibitions in the statute is separate from the other two and can either stand or fall on its own merits when subjected to constitutional attack.
In the instant case, it is readily determinable from reading the supporting deposition that the defendant is charged with a violation of prohibition No. 1.
The rationale behind the statute was to prevent criminals from listening to police broadcasts in their automobiles, either prior to or after their commission of a crime; and to prevent the jamming of the airwaves during the police broadcasts.
Defendant contends that the field of regulation of airwaves has been pre-empted by Congress by delegating such authority to the Federal Communications Commission (F. C. C.), which has exclusive licensing power.
Therefore, defendant argues, the States are prohibited from legislating in this area.
The F. C. C. controls the operating frequencies of police radio systems and has allocated certain frequencies to police use. (47 CFR 89.101 [h].)
These frequencies may be used for amateur radio operations. (47 CFR 97.61 [a].)
In the case at bar, the radio device in question was a receiving set, capable of receiving voice transmitted signals on frequencies allocated for police use. It is not a "fuzz buster” or radar detecting device, the subject of which has been decided *362 in People v Moore (92 Misc 2d 807) and People v Faude (88 Misc 2d 434).
Prohibition No. 1 of section 397 does not deal with regulation of the airwaves, in any manner. It is an exercise by the State of legislating against the equipping of motor vehicles with a certain type of radio device, under its police powers.
Prohibition No. 1 does not prohibit broadcasting nor using certain frequencies.
Therefore, the Legislature has not infringed in an area preempted by Congress.
The exceptions provided for certain permit holders were undoubtedly intended to enable ambulance personnel, and others who deal in rendering emergency first aid, an opportunity to be of service.
The Legislature did not intend to encroach upon the authority of Congress or the F. C. C. as manifested by the last sentence of the statute which clearly states that nothing in the section should be construed to apply to any person who holds a valid radio operator’s license issued by the F. C. C. and who operates a duly licensed portable mobile transmitter and in connection therewith a receiver or receiving set on frequencies exclusively allocated by the F. C. C. to duly licensed radio amateurs.
Defendant also argues that the term "radio receiving set capable of receiving signals” is so vague as to be unconstitutional.
The term "signals” has been interpreted to mean voice messages (People v Moore, supra; People v Faude, supra; People v Verdino, 78 Misc 2d 719).
The court cannot think of any other type of "signal” that would be prohibited, especially when taking into consideration the purpose of the statute.
This court finds that prohibition No. 1 of section 397 is constitutional, and the motion of the defendant is denied.
Defendant and his attorney shall appear on Monday, January 8, 1979, at 9:00 p.m. to dispose of the balance of the omnibus motion.