Buddy C. Alexander Clerk Circuit Court Punta Gorda
QUESTION:
Who is responsible for the repair or replacement of equipment located within the county jail?
SUMMARY:
A sheriff is responsible under the statute for equipping the county jail and repairing, maintaining, and replacing the equipment necessary for the proper and efficient operation of the jail, and he should include as part of his annual budget the estimated amounts necessary for such operation, equipment, and maintenance during the next fiscal year. Repairs, construction, or capital improvements to the county building in which the jail is located, however, remain the responsibility of the board of county commissioners and are to be paid from general county funds.
This office has previously stated that a sheriff, although a constitutional officer, is a county administrative officer whose powers and duties are prescribed by statute. See AGO's 076-171 and 075-161. Although the sheriff has `no exclusively inherent or constitutional right to the custody, care and keeping of county convicts,' Lang v. Walker, 35 So. 78, 80 (Fla. 1903), it has been held that, in the absence of a constitutional description of his duties, `the operation of the [county jail] and the control and custody of the inmates therein are in the hands of the sheriff.' Baugher v. Alachua County, 305 So.2d 838, 839 (1 D.C.A. Fla., 1975). See also Brown v. St. Lucie County, 153 So. 906, 908 (Fla. 1933) (county jail is county property which law requires sheriff to manage and look out for); AGO's 077-55 and 074-266 (sheriff is responsible for efficient operation of the jail); and 60 Am.Jur.2d, Penal and Correctional Institutions s. 9.
The sheriff's responsibility for the operation of the county jail is made apparent by s. 30.49, F. S., which provides in pertinent part:
 (1) At the time fixed by law for preparation of the county budget, each sheriff shall certify to the board of county commissioners a proposed budget of expenditures for the carrying out of the powers, duties, and operations of his office for the ensuing fiscal year of the county. The fiscal year of the sheriff shall henceforth commence on October 1 and end on September 30 of each year.
 (2) The sheriff shall submit with the proposed budget his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper and efficient operation of the office for the ensuing year. Each proposed budget shall show the estimated amounts of all proposed expenditures for operating and equipping the sheriff's office and jail other than construction, repair, or capital improvement of county buildings during the said fiscal year.
The expenditures shall be itemized as follows:
(a) Salary of the sheriff.
(b) Salaries of deputies and assistants.
(c) Expenses other than salaries.
(d) Equipment.
(e) Investigations.
(f) Reserve for contingencies. (Emphasis supplied.)
Your inquiry is directed to the question of who is responsible for the repair or replacement of such equipment as a TV monitoring system located within the county jail, as well as other deficiencies in the jail itself, such as a leaky roof. In your letter, you refer to an opinion issued by one of my predecessors in which he concluded that, since a county jail was county property and its operation a part of county government, it was the duty and responsibility of the board of county commissioners to supply and maintain the equipment necessary for the operation of the county jail. See AGO 047-293, August 26, 1947, Biennial Report of the Attorney General, 1947-1948, p. 151. That opinion, however, was rendered prior to the enactment of s. 30.49, F. S., by s. 3, Ch. 57-368, Laws of Florida. The language contained in s. 30.49(2) clearly indicates that it is the responsibility and duty of the sheriff to include as part of his budget the estimated amounts necessary for operating expenses and equipping the county jail during the next fiscal year. Moreover, s. 30.50(1), F. S., provides in pertinent part `that any part of the amount budgeted for equipment shall be paid [by the board of county commissioners] at any time during the year upon the request of the sheriff.'
The term `equipping' is an elastic term, the meaning of which must be made on a case-by-case basis, see Black's Law Dictionary (4th Rev. ed. 1968), Equipment, pp. 631-632; however, the term is generally defined as providing that which is necessary, useful, or appropriate. See Webster's Third International Dictionary, Equip, p. 768; 30 C.J.S. Equip, pp. 754-755 (in its plain, ordinary, and usual application, the word may embrace all the appliances and furnishings necessary for, or usual in, the operation of an establishment or institution). See also State ex rel. Davis v. Barber, 190 So. 809 (Fla. 1939) (as to a courthouse, `furnish' and `equip' have reference to vaults, safes, heating system, and other essential adjuncts that are a component part of the completed structure and without which it would be useless). Cf. American Seating Co. v. Board of Public Instruction for Lafayette County,192 So. 598 (Fla. 1939). The responsibility of the sheriff in equipping the county jail, however, is limited to expenditures other than for the construction, repair, or capital improvements of the county-owned building or jail. Thus, while the acquisition of such equipment as the TV monitoring system may be within the responsibility of the sheriff to equip and operate the county jail, repairs of the county building in which the jail is located, such as the repair of the roof, remain the responsibility of the board of county commissioners.
The independence of the sheriff in `the purchase of supplies and equipment, selection of personnel, and the hiring, firing, and setting of salaries of such personnel' is statutorily guaranteed.See s. 30.53, F. S. See also s. 274.03, F. S., which provides that a `governmental unit shall be primarily responsible for the supervision and control of its property . . . .'; and s. 274.01(1), F. S., which defines `governmental unit,' for the purposes of Ch. 274, to include, inter alia, the sheriff of a county. Moreover, when the law imposes a duty or power upon an officer it also confers, by implication, such powers as are necessary for the due and efficient exercise of the duties or powers expressly granted, or such as may be fairly implied therefrom. 67 C.J.S. Officers s. 103(a); State ex rel. Martin v. Mitchell, 188 So.2d 684 (4 D.C.A. Fla., 1966), cert. discharged, 192 So.2d 281 (Fla. 1966); In re
Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); and Peter v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963). Cf. Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936), and Southern Utilities Co. v. City of Palatka, 99 So. 236 (Fla. 1923). The sheriff is charged with the responsibility of `equipping' the county jail. In the absence, however, of any statutory direction (other than in s. 30.49[2], F. S., that proposed expenditures are reasonable and necessary for the proper operation of the office of the sheriff) as to the manner in which the sheriff may equip the jail, he may, in the exercise of his discretion, purchase, repair, or replace whatever equipment he deems necessary for the proper and efficient operation of the county jail. See also s. 30.49(4) providing that the sheriff's budget shall include the `cost of operation of the county jail, purchase, maintenance and operation of equipment . . . and all other . . . expenses, equipment . . . .' Therefore, I am of the opinion that the sheriff is responsible for supplying and maintaining the equipment which he deems necessary for the efficient operation of the jail from the moneys funded by budget appropriations from the board of county commissioners.
While s. 30.49(4), F. S., authorizes the board of county commissioners to `amend, modify, increase or reduce any or all items of expenditures' in the sheriff's budget, the board may only increase or reduce by lump sum the six items set forth in s.30.49(2); the board is not empowered by statute to dictate how the funds allocated by any one item can be used. See Weitzenfeld v. Dierks, 312 So.2d 194, 196 (Fla. 1975), in which the court stated that `the internal operation of the sheriff's office and the allocation of appropriated monies within the six items of the budget is a function which belongs uniquely to the sheriff as chief law enforcement officer of the county.'
In summary, therefore, it is my opinion that, under the provisions of s. 30.49, F. S., a sheriff is responsible for equipping the county jail and repairing, maintaining, and replacing the equipment necessary for the proper and efficient operation of the jail; and he should include, as part of his annual budget, the estimated amounts necessary for such operation, equipment, and maintenance during the next fiscal year. Repairs, construction, or capital improvements to the county building in which the jail is located, however, remain the responsibility of the of county commissioners and are to be paid from general county funds.
Prepared by:
Joslyn Wilson Assistant Attorney General