Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Is a county sheriff authorized to expend the public funds of his office to pay back salary and allowances to a suspended deputy upon said deputy's reinstatement to service?
2. Is a county sheriff authorized to expend the public funds of his office to reimburse, wholly or in part, a reinstated deputy for legal expenses incurred by said deputy in connection with proceedings to secure his reinstatement?
SUMMARY:
A sheriff is not authorized by law to use the public funds of his office to pay a reinstated deputy back pay and other allowances which the deputy would have accrued had he not been suspended, nor is the sheriff statutorily authorized to use public funds to reimburse the deputy for attorney's fees and other legal expenses incurred for the administrative hearing which exonerated the deputy.
It appears from your letter of inquiry and communications with the attorney for the present sheriff of Broward County that the former sheriff of that county suspended one of his deputies from duty without pay. That deputy was exonerated and reinstated following administrative hearings. Upon reinstatement, the sheriff, from budgeted public funds of his office, paid this deputy $1,187.56, the amount of back pay and allowances the deputy would have earned had he not been suspended, plus another $2,250 to reimburse the deputy for legal expenses incurred seeking his administrative remedy. On a postaudit review, you questioned the authority of the sheriff to make these expenditures.
AS TO QUESTION 1:
This question has been answered by AGO 073-91; the narrow clarification of that opinion made in AGO 073-91A is not relevant to this inquiry and does not control your first question. Attorney General Opinion 073-91A did not pass upon and had nothing to do with the statutory authority of a sheriff to pay back salary and allowances to a suspended deputy upon his reinstatement following administrative hearings. In AGO 073-91, this office concluded that `a sheriff has no power to pay back salary and allowances to `suspended' deputies upon `reinstatement' absent statutory authority to that effect.' No general or special law granting to the sheriff of Broward County authority to pay back salary and allowances to a `reinstated' deputy has been brought to my attention, and my research has revealed no such enabling legislation. In the absence of legislative authority, this office continues to follow the conclusion expressed in AGO 073-91. This conclusion is in accord with the general rule of law governing the expenditure of public funds by officers in this state; for expenditures to be valid they have to be expressly authorized by statute or be necessary in order to carry out some duty or function imposed or authorized by statute. See AGO's 078-101, 076-191, and 075-161. The sheriff is a county officer as provided in s. 1(d), Art. VIII, State Const., whose powers and duties must be provided by statute. See s. 5(c), Art. II, State Const., which provides that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law.' As the Florida Supreme Court in Lang v. Walker, 35 So. 78 at 80 (Fla. 1903), stated: `Our Constitution (section 6, art. 8) [1885] expressly makes the powers, duties, and compensation of sheriffs dependent upon legislative action.'
Also, whole the sheriff is a county officer, his powers and duties must be provided by statute and he represents the executive or administrative power of the state within his county. See 29A Fla. Jur. Sheriffs s. 15 (1967), and AGO 075-161. Thus, although the sheriff is a constitutional officer, he is nevertheless an administrative officer whose power and authority must be derived from a statute. It is a well-settled rule in this state that an administrative officer has only such authority as provided by statute and that, when there is a question as to the existence of authority, the question should be resolved against the existence of the authority. See Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934); and Hopkins v. Special Road Bridge District No. 4, 74 So. 310 (Fla. 1917). Moreover, while an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Investment Co. v. Turner, 167 So. 333 (Fla. 1936). The Florida Supreme Court has held that county commissioners, for example, `are constitutional officers whose duties and powers are prescribed by statute, and . . . where there is doubt as to the existence of authority, it should not be assumed.' White v. Crandon, supra at 305. This quote in regard to county commissioners is equally applicable to sheriffs, since sheriffs are also `constitutional officers whose duties and powers are prescribed by statute.' See s. 5(c), Art. II, State Const., and Lang v. Walker, supra.
You stated, however, in your inquiry that the former sheriff of Broward County, in response to your audit criticism, cited the Florida Supreme Court case of Weitzenfeld v. Dierks, 312 So.2d 194
(Fla. 1975), as authority which might cause this office to modify or rescind its position as expressed in AGO 073-91. Weitzenfeld v. Dierks, supra, is distinguishable from the legal issues and factual circumstances presented in this inquiry. In Weitzenfeld, the Sheriff of Manatee County filed a petition for a writ of mandamus seeking to have the Board of County Commissioners of Manatee County comply with an administrative order of the Department of Administration made pursuant to s. 30.49, F. S. The administrative order specifically approved the deletion of a helicopter program from the sheriff's budget. The dispositive issue before the Florida Supreme Court was whether the county had authority under s. 30.49(4) to determine utilization of moneys once allocated under s. 30.49(2). Relevant portions of s. 30.49
require the sheriff to submit a yearly budget to the board of county commissioners certifying that each item is `reasonable and necessary for the proper and efficient operation of the office for the ensuing year.' The expenditures must be itemized as follows: Salary of the sheriff; salaries of deputies and assistants; expenses, other than salaries; equipment; investigations; and reserve for contingencies.
The board of county commissioners `may amend, modify, increase, or reduce any or all items of expenditures in the proposed budget . . . . ` Section 30.49(4), F. S. The board of county commissioners contended that, after moneys had been allocated under s. 30.49(2), subsection (4) of that statute empowered the county commission `to delete funds from within any item if the funds allocated to that particular item are being improvidently spent.' Weitzenfeld at 196. The court held that s. 30.49(4) empowers the county only to make lump sum reductions or additions of moneys allocated to any of the six budget items; it does not, however, authorize an intrusion into the functions which are necessarily within the purview of the office of sheriff. Id. at 196. The Supreme Court found the internal operation of the sheriff's office and the allocation of appropriated moneys within the statutorily prescribed items of the sheriff's budget to be a function belonging uniquely to the sheriff, and that to hold otherwise would harm the integrity of a constitutional office and violate the precept established by s. 30.53, F. S., which preserves the independence of the sheriff. The Weitzenfeld case is not relevant to the legal issues and factual circumstances involved in this inquiry. Weitzenfeld involved a dispute between the board of county commissioners and the sheriff regarding the allocation of appropriated and budgeted funds within the sheriff's budget, not the legality of, or the statutory authority for, the expenditure of budgeted funds. The issue whether the sheriff had statutory authority, expressly or impliedly, to make the particular expenditure was not before the Weitzenfeld court. The underlying issue in the instant case is whether the sheriff had express, or necessarily implied, statutory authority to pay back salary and allowances to a reinstated deputy. My research has not revealed any statute which expressly or impliedly authorizes the sheriff to pay back salary to a suspended deputy upon his reinstatement, nor are such expenditures necessary in order to carry out some duty or function imposed or authorized by statute.
AS TO QUESTION 2:
Your second question also involves the authority of a sheriff to expend public funds — in this instance to reimburse a suspended deputy for legal expenses incurred in successfully pursuing administrative remedies for reinstatement. As stated in question 1, it is a well-recognized principle in this state that public funds may be expended only for a valid public purpose which the public body or official is expressly authorized by law to carry out or which is necessarily implied in order to carry out the purpose or function expressly authorized. See 81A C.J.S. States s. 231 (1977); 20 C.J.S. Counties ss. 129, 207 (1940); Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); Gessner v. Del-Air Corp.,supra, White v. Crandon, supra; and AGO's 078-101, 076-191, and 075-299. Moreover, if there is any doubt as to the lawful existence of a particular power respect to the expenditure of public funds, that power should not be exercised. See Gessner v. Del-Air Corp., supra, at 527. In the absence of an express statutory authorization for the payment of attorney fees, such expenditures would have to be necessary in order to carry out some duty or function imposed or authorized by statute.
The only legislation of which I am aware authorizing the payment of attorney fees for deputy sheriffs is s. 111.065, F. S. This statute authorizes the employing agency `to pay the legal costs and reasonable attorney's fees for any law enforcement officer in any civil or criminal action commenced against such law enforcement officer in any court when the action arose out of theperformance of his official duties' (Emphasis supplied.) if the `plaintiff requests dismissal' or the `law enforcement officer is found to be not liable or not guilty.' Also compare ss. 111.06 and 111.08, F. S. These sections, however, do not authorize reimbursement of legal expenses incurred by a deputy to exonerate himself in administrative hearings to be reinstated following a suspension by the sheriff. It is a well-settled principle of law that the express mention or authorization of one thing by the Legislature implicitly excludes the exercise of that authority for other things not mentioned — expressio unius est exclusioalterius. See Deven v. Hollywood, 351 So.2d 1022 (Fla. 1976); Thayer v. State, 335 So.2d 815 (Fla. 1976); and Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973).
In Board of Regents v. Mahler, 321 So.2d 99 (1 D.C.A. Fla., 1975), the court denied the respondent's request for attorney's fees incurred resisting his employer's petition for rehearing. The court, at p. 100, stated:
 It is settled law that attorney's fees under such circumstances may not be awarded unless provided by statute or contract. The issue, therefore, to be by us resolved is whether F. S. 110.061(3) authorizes the award of attorney's fees incurred during the prosecution of a proceeding in this Court or whether same only authorizes such fees incident to procedures before the Career Service Commission. Our reading of the above quoted statute leads us to the inescapable conclusion that the statute by its very terms relates only to proceedings before the Career Service Commission. Proceedings subsequent to the disposition of a cause by the Career Service Commission are neither mentioned nor alluded to. There is no language in the statute which we find may be construed to be applicable to postcommission proceedings.
See also AGO 077-37, in which this office concluded that `[l]egal fees incurred by career service employees at pretermination hearing before an agency head are not reimbursable under s. 110.061(3), F. S.; only the Career Service Commission may award legal costs to career service employees and only if incurred during the prosecution of an appeal against a state agency conducted before the commission.' This conclusion was based upon the reasoning in Board of Regents v. Mahler, supra, that attorney fees cannot be reimbursed unless provided for by statute or contract. No statute of which I am aware authorizes the sheriff to pay attorney's fees and other legal costs incurred by a suspended deputy seeking reinstatement through administrative remedies. Further, payment of a reinstated deputy's attorney fees incurred in administrative hearings to exonerate him is not an expenditure which is necessary in order to enable the sheriff to carry out any of his statutory duties or functions.
In conclusion, the sheriff is not authorized by law to use the public funds of his office to pay a reinstated deputy back pay and other allowances which the deputy would have accrued had he not been suspended, nor is the sheriff statutorily authorized to use public funds to reimburse the deputy for attorney's fees and other legal expenses incurred for the administrative hearing which exonerated the deputy.
Prepared by:
Craig B. Willis Assistant Attorney General