The Honorable Jim Lowman Sheriff, Escambia County Post Office Box 18770 Pensacola, Florida 32523
Dear Sheriff Lowman:
You ask substantially the following question:
Is the purchase of a sheriff's office vehicle and the equipment necessary to outfit the vehicle, utilizing funds derived from the proceeds of a discretionary sales surtax pursuant to section212.055(2)(d)2.b., Florida Statutes, as created by section 3, Chapter 93-222, Laws of Florida, within the sheriff's budget authority?
In sum:
The proceeds of a discretionary local option infrastructure sales surtax levied pursuant to section 212.055(2)(d)2.b., Florida Statutes, which have been designated for funding a sheriff's office vehicle and the equipment necessary to outfit the vehicle for its official use, are within the budget authority of the Board of County Commissioners and should be administered in the same manner as other discretionary sales surtax moneys.
You have framed your question in terms of the independence of the sheriff in budget matters. Section 30.49, Florida Statutes, provides that:
"(1) Pursuant to section 129.03(2), each sheriff shall certify to the board of county commissioners a proposed budget of expenditure for the carrying out of the powers, duties, and operations of his office for the ensuing fiscal year of the county. . . . (2)(a) The sheriff shall submit with the proposed budget his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper and efficient operation of the office for the ensuing year. Each proposed budget shall show the estimated amounts of all proposed expenditures for operating and equipping the sheriff's office and jail other than construction, repair, or capital improvement of county buildings during such fiscal year. The expenditures shall be itemized as follows: 1. Salary of the sheriff. 2. Salaries of deputies and assistants. 3. Expenses, other than salaries. 4. Equipment. 5. Investigations. 6. Reserve for contingencies."
Section 30.49(4), Florida Statutes, authorizes the board of county commissioners to "amend, modify, increase, or reduce any or all items of expenditure in the [sheriff's] proposed budget, . . . ." This section, however, only authorizes the board to increase or reduce by lump sum the six items set out in the statute and does not empower the board to "dictate how the monies allocated by any one item can be used . . . ."[1]
The Supreme Court of Florida has stated that:
"We find the internal operation of the sheriff's office and the allocation of appropriated monies within the six items of the budget is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county."[2]
Further, section 30.53, Florida Statutes, specifically provides that "[t]he independence of the sheriff shall be preserved concerning the purchase of supplies and equipment, selection of personnel, and the hiring, firing, and setting of salaries of such personnel . . . ." However, the independence of the sheriff with regard to money within the annual budget does not extend to the direction of county funds collected and deposited into the county's budgetary fund.[3]
Section 212.055(2), Florida Statutes, authorizes the governing body of a county to levy a discretionary sales surtax pursuant to an ordinance enacted by a majority of the county electors voting in a referendum on the surtax.[4] The tax authorized under section212.055, Florida Statutes, is administered, collected, and enforced by the Department of Revenue using the same procedures used for general state sales tax.[5] The surtax proceeds are subsequently distributed to the county and the municipalities within the county in which the surtax was collected.[6]
The funds raised by the local government infrastructure surtax and any interest earned thereon must be expended within the county "to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources[.]"[7] The statute prohibits the use of any proceeds or any interest earned thereon "for operational expenses of any infrastructure[.]"[8]
In Attorney General Opinion 92-81, Escambia County requested that this office determine whether the proceeds of the discretionary local option infrastructure sales surtax could be used for such items as ambulances and radios for emergency medical services and for automobiles and radios for the sheriff's department. The opinion concluded that "[i]nasmuch as s. 212.055(2), F.S., limits the use of the proceeds from the local government infrastructure surtax to financing, planning and construction of infrastructure, the surtax proceeds may not be used to purchase ambulances and radios for emergency medical services or automobiles and radios for the sheriff's department."
The 1993 Legislature amended section 212.055(2)(d)2., Florida Statutes, to create subsection 2.b.[9] This new subsection defines "infrastructure" to include:
"b. A fire department vehicle, an emergency medical service vehicle, a sheriff's office vehicle, a police department vehicle, or any other vehicle, and such equipment necessary to outfit the vehicle for its official use or equipment that has a life expectancy of at least 5 years."
Thus, these expenditures are now specifically authorized under the terms of the amended statute. However, the legislative amendment does not authorize the administration of these funds separately or in a different manner from the funds generally collected for other infrastructure needs under section 212.055(2), Florida Statutes.
Discretionary sales surtax funds collected under the authority of section 212.055(2), Florida Statutes, are deposited into the county's budgetary fund, as are other local government infrastructure surtax revenues,[10] and it is the county commission that has authority over the appropriation and expenditure of these funds.[11]
Therefore, it is my opinion that the administration and expenditure of the proceeds of the discretionary local option infrastructure sales surtax are not within the authority of the sheriff.
Sincerely,
Robert A. Butterworth Attorney General
RAB/t
[1] Weitzenfeld v. Dierks, 312 So.2d 194, 196 (Fla. 1975). Cf., Op. Att'y Gen. Fla. 77-55 (1977) (internal operation and equipment of the county jail is the responsibility of the sheriff, subject to applicable rules and regulations promulgated by the Department of Corrections).
[2] Id. at 196.
[3] Cf., Op. Att'y Gen. Fla. 92-81 (1992), discussing the expenditure of discretionary local opinion infrastructure sales surtax moneys. And see, Ch. 129, Fla. Stat., relating to county budgets.
[4] Section 212.055(2)(a)1., Fla. Stat., as amended by s. 3, Ch. 93-222, Laws of Florida.
[5] See, s. 212.054(4)(a), Fla. Stat.
[6] Section 212.055(2)(c) and (d), Fla. Stat.
[7] Section 212.055(2)(d)1., Fla. Stat.
[8] Id.
[9] See, s. 3, Ch. 93-222, Laws of Florida.
[10] See, s. 212.055(2)(d)1., Fla. Stat., which states that "[t]he proceeds of the surtax authorized by this subsection and any interest accrued thereto shall be expended by the . . . county . . . ."
[11] Supra at footnote 3.