# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3367
_____

ALACHUA COUNTY, a charter
county and political subdivision
of the State of Florida,

     Appellant,

     v.

SADIE DARNELL, in her official
capacity as Sheriff of Alachua
County, Florida,

     Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Monica J. Brasington, Judge.

September 20, 2019

ROBERTS, J.

Alachua County (the County) filed this three-issue appeal challenging three orders entered by the Eighth Judicial Circuit Court in and for Alachua County. We affirm the two orders challenged in Issues II and III without comment. In Issue I, the County argues the circuit court erred in denying its first amended complaint for a declaratory judgment regarding the Alachua County Sheriff's (the Sheriff's) independent authority to transfer appropriated funds without approval from the Alachua County Board of County Commissioners (the Board). We find the circuit

court appropriately construed the relevant statutory provisions to uphold the Sheriff's independent authority in this case. We affirm the final order denying declaratory relief.

This case involves the interplay between the Sheriff's authority in Chapter 30, Florida Statutes, and the County's authority to implement a county budget in Chapter 129, Florida Statutes. The Sheriff is an elected, independent constitutional officer. Art. VIII, § 1(d), Fla. Const.; § 30.53, Fla. Stat. (2018). Section 30.49, Florida Statutes (2018), directs the Sheriff to annually prepare and submit a proposed budget to the Board. Her proposed budget is to cover expenses involving the powers, duties, and operations of the office for the next fiscal year. Section 30.49(2)(a) directs that the Sheriff's proposed budget must categorize expenditures at the appropriate "fund level" in accordance with three "functional categories" (functions): (1) general law enforcement, (2) corrections and detention alternative facilities, and (3) court services, excluding service of process. § 30.49(2)(a), Fla. Stat. (2018). Within each function, the Sheriff's proposed budget must further itemize expenditures "in accordance with the uniform accounting system prescribed by the Department of Financial Services." § 30.49(2)(c), Fla. Stat. (2018). The six categories listed under subsection (2)(c) correspond to what are referred to as "object codes" (objects) in the Department of Financial Services' Uniform Accounting System Manual (UASM). The UASM provides for further itemization within the objects, referred to as "sub-object codes" (sub-objects). *See* § 30.49(3), Fla. Stat. (2018).

As the taxing authority, the County is charged with funding the Sheriff's office. §§ 125.01(1)(r) & 129.01(1), Fla. Stat. (2018). Chapter 129, Florida Statutes (2018), relates to the County's annual budget. After the Sheriff submits her proposed budget under section 129.03, Florida Statutes (2018), the Board initiates the process of adopting a final county budget, which is subject to the notice and hearing requirements of section 200.065, Florida Statutes. § 129.03, Fla. Stat. (2018). In the hearings, the Board "may amend, modify, increase, or reduce any or all items of expenditure in the proposed budget, as certified by the sheriff pursuant to paragraphs (2)(a)-(c), and shall approve such budget,

2

as amended, modified, increased, or reduced." § 30.49(4), Fla. Stat. (2018).

This case presents the issue of whether, after her budget has been approved and funds appropriated to her, the Sheriff has unilateral authority to transfer funds between objects without approval from the Board. We agree with the circuit court that under the relevant statutes of chapters 30 and 129, the Sheriff has such authority.

Where, as here, the facts are not in dispute, our review of the circuit court's final order denying declaratory relief is *de novo*. *Gator Coin II, Inc. v. Fla. Dep't of Bus. & Prof'l Reg., Div. of Alcoholic Beverages & Tobacco*, 254 So. 3d 1113, 1115 (Fla. 1st DCA 2018). We also review questions of statutory construction *de novo*. *Id*. On appeal, both sides present compelling policy arguments with little citation to case law or statutory authority, which are scant. We are ultimately persuaded by the Sheriff's position as we agree with the circuit court that construing chapters 30 and 129 in harmony leads to the conclusion that the Sheriff is not required to seek Board approval before transferring funds between objects. We are specifically persuaded by the following three arguments.

First, section 30.53, Florida Statutes (2018), explicitly preserves the Sheriff's independence as a constitutional officer "concerning the purchase of supplies and equipment, selection of personnel, and the hiring, firing, and setting of salaries of such personnel[.]" We interpret this provision as a broad preservation of all powers necessary for the Sheriff to carry out the duties and responsibilities of her office, which necessarily must include authority over her budget and office's expenditures.

Second, there is no statutory requirement that the Sheriff seek Board approval prior to transferring funds between objects. The only prohibition upon such transfers is found in section 129.06(5), Florida Statutes, which provides:

> Any county constitutional officer whose budget is approved by the board of county commissioners, who has not been reelected to office or is not seeking

3

reelection, shall be prohibited from making any budget amendments, transferring funds between itemized appropriations, or expending in a single month more than one-twelfth of any itemized approved appropriation, following the date he or she is eliminated as a candidate or October 1, whichever comes later, without approval of the board of county commissioners.

Section 129.06(5) clearly prohibits so called "lame duck" sheriffs from transferring funds between objects without first seeking Board approval. Under the principle of statutory construction, expressio unius est exclusio alterius, the prohibition cannot be read to also apply to sitting sheriffs. *See Moonlit Waters Apartments Inc. v. Cauley*, 666 So. 2d 898, 900 (Fla. 1996) ("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another."). Absent statutory language extending the prohibition to sitting sheriffs, the Sheriff has authority to transfer funds between objects without Board approval.

Third, we agree with the circuit's court's reliance on *Weitzenfeld v. Dierks*, 312 So. 2d 194, 196 (Fla. 1975), which held:

We find the internal operation of the sheriff's office and the allocation of appropriated monies within the six items of the budget is a function which belongs uniquely to the sheriff as the chief law enforcement officer of the county. To hold otherwise would do irreparable harm to the integrity of a constitutionally created office as well as violate the precept established by F.S. Section 30.53 and, in practical effect, gain nothing for the county.

*Weitzenfeld* construed an older version of section 30.49 that did not require the Sheriff to submit a proposed budget organized by function, object, and sub-object. We agree with the Sheriff's position that these statutory changes were enacted to ensure uniform accounting practices and cannot be read to impose a limit on the Sheriff's spending authority. Under *Weitzenfeld*, the Sheriff, as an independent constitutional officer, has autonomy over the allocation of appropriated monies within her budget. Absent a statute requiring the Sheriff to first seek Board approval

4

before transferring monies between objects, we find her independent authority should be preserved in this area. The circuit court's order denying declaratory relief on this issue is AFFIRMED.

LEWIS and B.L. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Robert C. Swain, Senior Assistant County Attorney, Gainesville, for Appellant.

Laura Youmans, Legislative Counsel, Florida Association of Counties, Inc., Tallahassee; Angela J. Wallace, Alicia Lobeiras, and Annika E. Ashton, Broward County Attorney's Office, Fort Lauderdale, for Amicus Curiae Florida Association of Counties, Inc., in support of Appellant.

Cynthia M. Weygant of the Alachua County Sheriff's Office, Gainesville, for Appellee.

Thomas W. Poulton of DeBevoise & Poulton, P.A., Winter Park, for Amicus Curiae Florida Sheriffs Association in support of Appellee.